**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SOLOMAN DAVON GILLIAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00040-MOC-DSC-1)

Submitted: July 18, 2019                    Decided: August 19, 2019

Before GREGORY, Chief Judge, and QUATTLEBAUM and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cheyenne N. Chambers, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Solomon Davon Gilliam pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), the district court sentenced him to 57 months' imprisonment and a 2-year term of supervised release. Gilliam began his term of supervision in May 2015. Since that time, the district court twice found that Gilliam violated the terms and conditions of his supervised release and twice sentenced Gilliam to six-month terms of imprisonment and imposed additional periods of supervised release. This appeal concerns the third instance in which the district court revoked Gilliam's supervised release. Specifically, in January 2018, Gilliam's probation officer filed a Supervised Release Violation Petition against Gilliam. Gilliam admitted the Grade C violations alleged therein, and the district court sentenced Gilliam to 9 months' imprisonment plus an additional 12-month term of supervised release. Gilliam appeals, and we affirm.

Gilliam first contends the district court plainly erred in selecting a nine-month custodial sentence—instead of the six-month sentence sought by defense counsel— because of the court's unfounded perception that Gilliam's violations resulted from his untreated drug addiction. This argument relies, primarily, on the Supreme Court's ruling in *Tapia v. United States*, 564 U.S. 319 (2011), and this court's decision in *United States v. Bennett*, 698 F.3d 194, 199 (4th Cir. 2012), in which we explained that *Tapia* prohibits a sentencing court from causally relating "the fact or length of imprisonment" to the defendant's rehabilitative needs.

2

Because Gilliam did not raise this *Tapia*-based argument in the district court, Gilliam properly concedes that this issue is subject to plain error review. *Bennett*, 698 F.3d at 199-200. To establish plain error, Gilliam must show that the district court committed error, that the error was clear and obvious, and that the error affected his substantial rights—that is, that the error affected the outcome of the proceeding. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

This argument fails on the first prong of plain error review. While the court expressed its concern with Gilliam's ability to overcome his drug habit without assistance, the record demonstrates that it was Gilliam's refusal to abide by the terms of his supervision—which took the form of consistently refusing to submit to drug testing and treatment, as well as failing to report to his probation officer as directed—that drove the court to impose a sentence in excess of the six months sought by the defense. To be sure, the court suggested that Gilliam's drug addiction and ongoing drug use, both of which were previously documented and well known to the court, related to his refusal to cooperate with probation. And while the court granted *Gilliam's* request to complete the drug treatment program he began in a local jail prior to being transferred to federal custody, nothing in the record causally links the three additional months of incarceration to the court's perception of Gilliam's need for drug treatment. Accordingly, we find no error, let alone plain error, based on *Tapia*.

Gilliam next contends the district court abused its discretion in concluding that an additional term of supervision was necessary despite improvements in Gilliam's personal circumstances. According to Gilliam, these improved circumstances, which include that

3

Gilliam was maintaining employment, financially supporting his family, and had passed three drug tests required for employment, substantially reduce Gilliam's risk of recidivism and ameliorate the need to protect the public from future drug crimes he might commit. Thus, Gilliam argues, there is no need for further supervision upon his release from prison.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *Webb*, 738 F.3d at 640. We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) (2012) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e) (2012). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

Gilliam's effort to demonstrate an abuse of the court's considerable discretion falls far short. The argument, at its base, asks us to reweigh the relevant § 3553(a) factors and reach a different result than that of the district court, which is well outside our purview. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (recognizing that "district courts have extremely broad discretion when determining the weight to be given each of

4

the § 3553(a) factors"). Nor is the argument persuasive because it overlooks the reasons offered by the district court to support the imposition of another term of supervised release. Specifically, the record makes plain that it was Gilliam's ongoing and persistent refusal to comply with the terms and conditions of his supervision—regardless of the reason for that noncompliance—that drove the court to impose both a 9-month custodial term and a 12-month term of supervision. The district court was unequivocally clear in its position that it would not reward Gilliam's noncompliance by declining to impose another period of supervision. Any other considerations were treated as secondary, and properly so. *See Webb*, 738 F.3d at 641 (recognizing that the imposed revocation sentence "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)).

Because the arguments pressed on appeal lack merit, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*